UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALBERTSON'S, INC., et al., )
)
                 Plaintiffs, )
)
v. ) 94 C 3669
)
ABBOTT LABORATORIES, et al., )
)
                 Defendants. )

## MEMORANDUM OPINION

Charles P. Kocoras, District Judge:

This matter is before the Court on the motion of Defendant, Abbott Laboratories, Inc. ("Abbott"), for leave to disclose certain documents designated as "Confidential" under the June 30, 1994 protective order. For the reasons set forth below, the motion is denied.

## BACKGROUND

On June 30, 1994, we entered a protective order (the "Protective Order") in the instant case limiting access to and dissemination of information, documents, and things designated by the producing party as confidential. The Protective Order further provides that counsel for a party must obtain leave of this Court before disclosing designated confidential information of the other party over that party's objection.

Abbott now makes such a request with respect to certain documents that have been designated as confidential (the "Documents") under the Protective Order.

Abbott seeks leave to disclose the Documents to support an alleged defense in several consolidated anti-trust lawsuits before the U.S. District Court for the District of Delaware (the "Delaware Action"). The consolidated actions allege violations of the Sherman Act in connection with Abbott's competition with manufacturers of generic drugs related to Abbott's branded drug TriCor. One group of the consolidated actions involve plaintiffs that purchased TriCor directly from Abbott and large retailers like Plaintiff, Albertson's, Inc., are members of a putative TriCor Direct Purchaser Class.

Abbott intends to show that some members of the putative TriCor Direct Purchaser Class have the power to influence the demand for TriCor and generic substitutes and that some do not. Abbot contends that Plaintiffs in the instant action submitted affidavits, briefs, expert reports and other material asserting that retailers can influence the demand for prescription and generic drugs and, therefore, are relevant to Abbot's showing that the wholesalers and retailers in the putative TriCor Direct Purchaser Class and the retailers in the putative Class are not affected in the same way by Abbott's alleged conduct. Abbott contends that it will argue that the differences in market power between and among members of the putative class weigh against class certification in the Delaware action. Abbott has failed to indicate the exact number of

plaintiffs from the present action that are also potential members of the TriCor Direct Purchaser Class; however, the submissions of the parties indicate that number to be very small. A protective order has also been issued in the pending Delaware consolidated action - similar to the protective order we entered in all respects relevant to the instant motion.

## **DISCUSSION**

The Protective Order authorizes counsel for one party to seek leave to disclose the other party's confidential information only if counsel deems such disclosure to be "necessary." Abbott argues that disclosure of the Documents is necessary to eliminate the duplication of discovery that would result if the Documents were sought independently in the Delaware litigation.

In making its argument, Abbott relies on Wilk v. American Medical Association, 635 F.2d 1295 (7th Cir.1980). In Wilk, five chiropractors sued the American Medical Association (the "AMA") and others in the Northern District of Illinois, alleging a nationwide conspiracy to eliminate the chiropractic profession. Three years later, after extensive discovery had taken place in the Illinois action, the State of New York ("New York") brought a nearly identical suit against the AMA. New York intervened in the Illinois action for the limited purpose of requesting modification of a protective order that limited access to 80 to 90 percent of the Illinois discovery materials to the parties

to that action. Despite the recommendation of the Panel on Multidistrict Litigation that New York request access to materials already discovered in the Illinois case, the district court denied New York's motion.

The Seventh Circuit then reversed, holding that where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification. Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order. 635 F.2d at 1299. Central to the Court's holding in Wilk was the magnitude of the litigation and the "wastefulness of requiring the State of New York to duplicate discovery already made." Id. Abbott contends that it would be similarly wasteful to refuse its requested modification of the protective order, which would then require Abbott to duplicate the efforts it has already made to discover the Documents.

Abbott's argument fails with respect the Delaware Action. Unlike the State of New York in Wilk, the documents in question are currently in the possession of Abbott's counsel and, therefore, Abbott knows the exact identity of the Documents to request and has the power to do so through applicable discovery procedures in the

Delaware Action. Further, like the requested documents in Wilk, the amount of discovery under the instant litigation is voluminous; however, Abbott seeks to disclose only documents pertaining to a small number of the alleged plaintiffs in the instant action. Consequently, any "duplicate discovery" which might result from the denial of Abbott's motion would therefore be both straightforward and minimal.

Under these circumstances, modification of the protective order is not necessary to permit efficient use of the Documents in the Delaware Action. See Wilk at 1301 ("If counsel for New York knew exactly what documents were relevant to that suit, he would not have needed to request modification of the Wilk protective order at all; he could simply have made a discovery request for those documents before the New York court."). Nor do we believe that it is appropriate. Plaintiffs raises a number of objections to the use of the Documents in the Delaware Action, to which Abbott argues the objections are groundless. These disputes should be resolved not by this Court but by the district court in Delaware, on a motion to compel brought by Abbott. Modification of the protective order as Abbott suggests would "tangibly prejudice substantial rights of the party opposing modification," see Wilk at 1299, by depriving Plaintiffs the right to have its objections heard and adjudicated in the proper forum.

In sum, we find the Documents to be protectible confidential information within the meaning of the protective order and Rule 26(c)(7). Because access to the

Documents, if appropriate, can be easily gained through established discovery procedures in the Delaware Action, we decline to modify the protective order to permit Abbott to disclose Plaintiffs' confidential information in those proceedings.

## **CONCLUSION**

For the foregoing reasons, the motion for leave to disclose documents is denied.

Charles P. Kocoras
United States District Judge

Dated:   July 13, 2006